IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MASSACHUSETTS MUTUAL
LIFE INSURANCE COMPANY,

                Plaintiff,

                v.

CHARLES P. DAVIES, IV,

                Defendant.

Case No. 1:23-cv-01475-CL

FINDINGS AND
RECOMMENDATION

CLARKE, Magistrate Judge.

Plaintiff moves the Court for a default judgment against the defendant, Charles P. Davies, IV. For the reasons below, Plaintiffs' Motion (#11) should be GRANTED.

## BACKGROUND[1]

In this action, MassMutual seeks the return of proceeds that were not due and owing under the terms of a life insurance policy ("Policy") issued by MassMutual on the life of Charles P. Davies, Jr. (the "Decedent"). Specifically, MassMutual claims that Defendant Mr. Davies

---

[1] Facts in this section are as alleged in the Complaint (#1) and the attached exhibits and are assumed to be true for the purposes of this motion and Order.

Page 1 of 7 – FINDINGS AND RECOMMENDATION

received a portion of death benefits proceeds from the Policy to which he was not entitled (the "Proceeds"). Although MassMutual made several requests that Mr. Davies return the Proceeds, MassMutual claims that he has ignored all communications and has retained the Proceeds to MassMutual's detriment. More specific alleged facts are discussed below.

## LEGAL STANDARD

The decision to grant or deny a motion for default judgment is within the discretion of the court. *Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir. 1986). In exercising its discretion, the court must consider seven factors, often referred to as the *Eitel* factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon entry of default, a plaintiff's well-pleaded allegations of fact regarding liability, except allegations relating to the amount of damages, will be taken as true. *Geddes v. United Fin-Group*, 559 F.2d 557, 560 (9th Cir. 1978). Plaintiff must establish damages by proof, unless the amount is liquidated or otherwise susceptible of computation. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (internal citation omitted). Relief for cases of default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Rule 54(c).

## DISCUSSION

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because plaintiff is a citizen of a different state from all defendants and the amount in controversy exceeds $75,000. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in this district and judicial division, and all

parties are subject to this Court's personal jurisdiction with respect to this suit because MassMutual's claims arise from acts or omissions by Mr. Davies while he resided in the State of Oregon.

On January 5, 2024, MassMutual filed a motion to allow alternative means of service of process (#7). MassMutual filed a brief and several exhibits to support the motion and to show that MassMutual sent multiple letters and emails to Mr. Davies, and even retained a private investigator to attempt to reach him in a variety of ways. Some evidence that the investigator uncovered seemed to point to the conclusion that Mr. Davies was evading the attempt to contact him. Similarly, once the lawsuit was filed, it appeared that Mr. Davies was attempting to evade service of process. MassMutual's process server attempted personal service at Mr. Davies last known address multiple times and was then informed that he had not lived there for about six months. The process server then attempted to serve him at his second-to-law known address but was informed that he had not lived here "for years." Therefore, the Court granted MassMutual's motion to allow alternative means of service (#9), which permitted MassMutual to serve Me. Davies by publication and electronic means including by e-mail, text message, facsimile transmission, or posting to a social media account, as provided in Oregon Rule of Civil Procedure 7(D)(6)(b).

On February 15, 2024, MassMutual filed the declaration of Kamaria Guity, which representing that the office of Faegre Drinker Biddle and Reath, LLP had effectuated electronic service of the Complaint and Summons in this case on Mr. Davies. The office had "emailed Mr. Davies a copy of the Complaint and Summons" to the email address that Mr. Davies had previously given, notifying him that his reply was due in 30 days. The office also texted Mr. Davies a copy of the Complaint and Summons to the cell phone number identified on the life

insurance beneficiary claim form that he submitted to MassMutual on October 2, 2021. The office also sent the same to another phone number, provided by Mr. Davies' sister and uncle, and as well as another email address, and two email addresses associated with his cell phone number. The Court considers these efforts to have sufficiently provided service of process upon the defendant.

On July 10, 2024, a Clerk's Entry of Default was entered against the defendant, Mr. Davies. Mr. Davies had not filed an appearance in this action, nor had he provided Plaintiff a written notice of intent to file an appearance. To date, Mr. Davies has not appeared or otherwise responded, and he has not proceeded to defend the case in any way.

I. **The *Eitel* factors weigh in favor of entering default judgment against the Defendants.**

The *Eitel* factors weigh in favor of granting the motion for default judgment against Mr. Davies.

    a. **The possibility of prejudice to Plaintiff weighs in favor of default judgment.**

First, if default judgment were denied, Plaintiff would be denied a legal remedy against the defaulting Defendants for their allegedly unlawful actions and "would be left without a remedy given defendant's failure to appear and defend themselves." *J & J Sports Prods., Inc. v. Frei*, No. 4:12-cv-0127-BLW, 2013 WL 3190685, *1 (D. Idaho Jun. 21, 2013).

    b. **The sufficiency of the complaint and the merits of Plaintiffs' substantive claims also weigh in favor of default judgment.**

Next, Plaintiff's Complaint sufficiently states a claim for relief, thus meeting the second, and third *Eitel* factors. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating the second and third factors require a plaintiff's allegation "state a claim on which the [plaintiff] may recover"). Because the Clerk of the Court has entered default, the well-pleaded allegations of the

complaint are taken as true and are binding against the defaulting party. *Garcia v. Pacwest Contracting LLC*, 2016 WL 526236, 1 (D. Or. Feb 9, 2016) (*citing Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, the question is whether Plaintiff is entitled to recover on the facts set forth in the Complaint. The Court concludes that Plaintiff is so entitled. Plaintiff has adequately stated a claim for relief for Money Had and Received and Unjust Enrichment.

    c.    **The possibility of a dispute concerning material facts is a neutral factor, or it weighs in favor of granting default judgment.**

As discussed above, the defendant in this case has been properly served but has not appeared. Without an appearance by Mr. Davies and his version of the facts, or any other countervailing evidence, and because all well-pleaded allegations of the complaint are deemed true after entry of default, there is "no likelihood that any genuine issue of material fact exists" after default has been entered. *Elektra Entm't Grp. Inc v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). This factor is neutral or weighs in favor of granting default judgment.

    d.    **The sum of money at stake in the action weighs in favor of granting default judgment.**

"One of the factors the court is free to consider in exercising its discretion to grant or deny default judgment is the sum of money at stake." *J & J Sports Prods., Inc. v. Rafael*, No. CIV S-10-1046 LKK GGH, 2011 WL 445803, at *2 (E.D. Cal. Feb 8, 2011). Under this factor, a court considers the sum of money "in relation to the seriousness of [the defendant's] conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Here, Plaintiff seeks damages in the amount of $68,481.17 plus interest, reasonable costs, including attorneys' fees. This sum of money weighs in favor of granting Plaintiff's motion.

    e.    **No evidence suggests default was due to excusable neglect; this factor weighs in favor of granting default judgment.**

No evidence exists to suggest Mr. Davies' failure to respond to the Complaint was due to excusable neglect. On January 10, 2024, the Court granted Plaintiff's Motion for Alternative Service. MassMutual's exhibits and declaration showing the efforts made to contact Mr. Davies have been extensive, and it is likely that Mr. Davies is intentionally evading service. Therefore, this factor weighs in favor of granting default judgment.

### f.  Policy favors a decision on the merits of the case; this factor weighs against default judgment.

The one factor that weighs in favor of the defendants, and against default judgment, is the strong policy favoring decisions on the merits. However, this factor, without more, is not sufficient to preclude default judgment. "Although 'cases should be decided upon their merits whenever reasonably possible,' 'the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive.'" *Garcia v. Pacwest Contracting LLC*, 2016 WL 526236, at *4 (D. Or. Feb. 9, 2016) (quoting *PepsiCo, Inc.*, 238 F. Supp. 2d. at 1177). Here, the defendant's "failure to defend against [Plaintiff's] claims makes a decision on the merits impossible. Accordingly, the policy favoring decision on the merits does not preclude the Court from entering default judgment against [the defendants]." *Id.*

### g.  Conclusion

The *Eitel* factors weigh in favor of granting Plaintiff's motion for default judgment because the only factor that weighs against default judgment is the final, policy factor, which is not dispositive. Without an appearance by the Defendant and his side of the facts or any other countervailing evidence, the factors weigh in Plaintiffs' favor, and the Court cannot find a reason to deny the motion for default judgment.

## II.  Plaintiff's request for damages should be granted.

Rule 54(c) of the Federal Rule of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, Plaintiff's Amended Complaint includes a prayer for relief requesting payment of damages in the amount of $68,481.17, plus pre-judgment interest from October 11, 2021, and post-judgment interest thereon, associated costs, and expenses. This prayer for relief should be granted.

## RECOMMENDATION

For the reasons above, the Court recommends that Plaintiff's Motion (#11) be GRANTED. Default Judgment should be entered in favor of Plaintiff MassMutual against Defendant Charles P. Davies, IV, in the form of final judgment as proposed in (#14).

## SCHEDULING

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If objections are filed, any response to the objections is due fourteen (14) days from the date of the objections. *See* Fed. R. Civ. P. 72, 6.

DATED this 12 day of September, 2024.

_____
MARK D. CLARKE
United States Magistrate Judge